IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL ANDERSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 10-17** |
| BARACK OBAMA, et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Plaintiffs Daniel Anderson, et al. have sued President Barack Obama, alleging that he engaged in ultra vires conduct by coercing a U.S. Senator's vote on the health care reform bill and, in doing so, violated the separation of powers doctrine under the Federal Constitution. Plaintiffs seek to amend their Complaint to add one more Plaintiff, to add as Defendants Speaker of the House of Representatives Nancy Pelosi, Majority Leader of the House of Representatives Steny Hoyer, and Majority Whip of the House of Representatives James Clyburn, and to add two counts alleging that all Defendants violated the Origination Clause and the Bicameralism and Presentment Clauses of the Constitution. [Paper No. 42]

Plaintiffs have filed two Motions for Preliminary Injunction [Paper Nos. 4 and 40]. The first asks that President Obama be enjoined from coercing or influencing Members of Congress to vote in favor of a health care reform bill. The second requests that the President be enjoined from either signing or enforcing the health care reform bill. Plaintiffs have also filed a Motion to Deem Opposition to Plaintiffs' Motion to Amend Waived [Paper No. 52] because proposed additional Defendants Pelosi, Hoyer and

1

Clyburn did not file an opposition to the Motion within the court-ordered time period. Lastly, Plaintiffs have also filed a Motion for Reconsideration [Paper No. 54] of the Court's Order of March 19, 2010, dismissing President Obama from the case with prejudice.

For the following reasons, Plaintiffs' First Motion for Preliminary Injunction [Paper No. 4] is deemed **MOOT**. Their Second Motion for Preliminary Injunction [Paper No. 40] is **DENIED**. Their Motion to Amend/Correct Amended Complaint [Paper No. 42] is **DENIED** as to President Obama, but **GRANTED** as to Pelosi, Hoyer and Clyburn. Plaintiffs' Motion to Deem Opposition to Plaintiffs' Motion to Amend Waived [Paper No. 52] is **DENIED**. Their Motion for Reconsideration [Paper No. 54] is **DENIED**.

### I.

On November 18, 2009, the United States Senate introduced the Patient Protection and Affordable Care Act ("PPACA"). On December 21, 2009, the Senate, by a vote of 60 to 40, voted to cut off all further debate on the Act. Three days later, the Senate voted to pass the Act by a vote of 60 to 39. Senator Ben Nelson from Nebraska, voted in favor of the bill.

Plaintiffs allege that prior to the final vote, President Obama and/or members of his White House staff met in closed-door sessions with Senator Nelson on several occasions. According to Plaintiffs, during the closed-door sessions, President Obama and/or members of his staff threatened to put Offutt Air Force Base on the Base Realignment and Closure ("BRAC") list, slating the base for closure, unless Senator Nelson voted in favor of the health care reform bill. Offut Air Force Base, in

Southeastern Nebraska, employs some 10,000 military and federal employees. Plaintiffs allege that the threat to close Offut Air Force Base was an effort to extort Nelson's vote for passage of the bill. They submit that such extortion amounts to ultra vires conduct and violates the separation of powers doctrine. Plaintiffs seek a declaratory judgment that the PPACA is null and void because it is a product of President Obama's ultra vires acts and his usurpation of legislative power.

On January 15, 2010, Plaintiffs filed a Motion for Preliminary Injunction, which sought an order that President Obama to cease and desist from intimidating or coercing any Member of Congress to vote in favor of the health care reform bill. In response, President Obama filed a Motion to Dismiss.

At a hearing on March 18, 2010, the Court deferred ruling on Plaintiffs' Motion for Preliminary Injunction [Paper No. 4], but granted Defendant's Motion to Dismiss [Paper No. 31] with prejudice as to President Obama.[1] At the hearing, Plaintiffs sought leave to amend their Complaint to add several new counts, add a new Plaintiff, and add Nancy Pelosi, Steny Hoyer, and James Clyburn as Defendants. Attorneys from the Department of Justice, representing President Obama in the proceedings, informed the Court that they would accept service on behalf of Pelosi, Hoyer, and Clyburn. On the assumption that acceptance of process by the attorneys was proper, the Court declared service accomplished as to those Defendants and gave them 14 days to file an opposition to Plaintiffs' Motion to Amend.

---

[1] Although President Obama was dismissed from the case during that hearing, he is again named as a defendant in Plaintiffs' proposed Second Amended Complaint and he has filed responses to Plaintiffs' subsequent motions.

One day before Defendants' Opposition to Plaintiffs' Motion to Amend was due to be filed with the Court, attorneys from the Department of Justice apparently discovered that they lacked authority to accept service on behalf of Pelosi, Hoyer, and Clyburn. That same day, the Justice Department attorneys informed Plaintiffs' counsel of the error and advised that proper service could be made on the Office of General Counsel for the House of Representatives (OGC). Plaintiffs' counsel, however, refused to consent to Defendants' request for an extension of time for filing an opposition and apparently has yet to serve either the OGC or Pelosi, Hoyer, and Clyburn individually, claiming that the Department of Justice in fact possessed the requisite authority, either actual or implied, to accept service and those proposed Defendants, having failed to oppose the Motion to Amend within 14 days, should be deemed to have waived any opposition to same.

## II.

### A.

The Court considers first Plaintiffs' Motions for Preliminary Injunction and Plaintiffs' Motion for Reconsideration. The First Motion for Preliminary Injunction, which requested the Court to enjoin President Obama from coercing or influencing Members of Congress to vote in favor of a health care reform bill, [Paper No. 4] is **MOOT**, inasmuch as the PPACA has already been passed by Congress and signed into law by the President. The Second Motion for Preliminary Injunction, which seeks to enjoin President Obama from either signing or enforcing the PPACA, [Paper No. 40] is **DENIED** because the Court lacks power to grant the requested relief. The Court has no jurisdiction to issue an injunction against the President in his official capacity and in the performance of non-ministerial actions. *See Franklin v. Massachusetts*, 505 U.S. 788,

4

802-03 (1992) (plurality opinion) (courts in general have "no jurisdiction of a bill to enjoin the President in the performance of his official duties") (internal citations omitted).

Plaintiffs also ask the Court to reconsider its March 19, 2010 Order, granting President Obama's Motion to Dismiss. Plaintiffs, however, have failed to establish that the Court overlooked an argument that might have materially affected its Order dismissing President Obama with prejudice. *See Royal Ins. Co. of America v. Miles & Stockbridge P.C.*, 142 F. Supp. 2d 676, 677 n. 1 (D. Md. 2001) (motion to reconsider granted when court overlooked argument that compelled judgment in movant's favor). In issuing the Order, the Court considered all of Plaintiffs' arguments presented during the March 18 hearing. The arguments presented in the Motion for Reconsideration replicate those made at the hearing. A "motion to reconsider is not a license to reargue the merits." *Id.* Accordingly, Plaintiffs' Motion for Reconsideration [Paper No. 54] is **DENIED**.

### B.

The Court next considers Plaintiffs' Motion to Amend/Correct their Amended Complaint. "The Court should freely give [plaintiffs] leave [to amend their complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts are given discretion to deny motions to amend when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Leave to amend...should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson,* 785 F.2d at 510-11.

5

Plaintiffs' proposed Second Amended Complaint is clearly insufficient with regard to President Obama. The Court, in its Order of March 19, 2010, granted President Obama's Motion to Dismiss with prejudice because the claims against him were neither justiciable nor redressable.

The addition of Counts III and IV in Plaintiffs' proposed Second Amended Complaint does not affect the lack of justiciability or the non-redressability of their claims against President Obama. Amended or not, these claims still raise non-justiciable political questions. *See Baker v. Carr*, 369 U.S. 186, 217 (1962) (political questions exist when: (1) the issue is constitutionally committed to a political branch; (2) there is a lack of judicially manageable standards; or (3) resolution would express lack of respect to Legislative and Executive branches). The relief Plaintiffs seek is also nonredressable. *See Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992) (plurality opinion) (courts have "no jurisdiction of a bill to enjoin the President in the performance of his official duties"). Without a redressable injury, the Court has no jurisdiction to adjudicate the case. *See id.* at 801 ("To invoke the constitutional power of the federal courts to adjudicate a case or controversy under Article III, [plaintiffs] must allege and prove an injury 'fairly traceable to the [plaintiffs'] alleged unlawful conduct and likely to be redressed by the requested relief.") (internal citations omitted). Since any amendment with regard to President Obama would be futile, *see Johnson,* 785 F.2d at 510-11, Plaintiffs' Motion to Amend/Correct Amended Complaint is **DENIED** as to President Obama.

During the March 18 hearing, attorneys from the Department of Justice stipulated that they would accept service for proposed additional Defendants Pelosi, Hoyer, and

Clyburn and consequently the Court deemed service accomplished as to these individuals. However, the Court now accepts the Department of Justice attorneys' representation, based on their subsequent discovery, that they lacked authorization to accept service on behalf of Pelosi, Hoyer, and Clyburn. The Court will therefore **DENY** Plaintiffs' Motion to Deem Opposition to Plaintiffs' Motion to Amend Waived. Since Pelosi, Hoyer, and Clyburn have yet to file an opposition to Plaintiffs' Motion to Amend/Correct Amended Complaint, Plaintiffs' Motion as to them is **DEFERRED** and Plaintiffs shall have thirty (30) days from the date of this Memorandum Opinion and Order to properly serve the OGC or these individuals individually with a copy of their Motion to Amend/Correct and the proposed Second Amended Complaint. Subject to reasonable extensions, Pelosi, Hoyer, and Clyburn shall have 20 days from the date they are served to file an opposition to this Motion.

### IV.

For the foregoing reasons, decision on Plaintiffs' Motion to Amend/Correct Amended Complaint [Paper No. 42] is **DENIED** as to President Obama and **DEFERRED** as to proposed additional Defendants Pelosi, Hoyer and Clyburn. Plaintiffs' Motion to Deem Opposition to Plaintiffs' Motion to Amend Waived [Paper No. 52] is **DENIED**. Plaintiffs' Motion for Reconsideration [Paper No. 54] is **DENIED**. Except insofar as the Court may grant reasonable extensions, Plaintiffs shall serve proposed Defendants Pelosi, Hoyer and Clyburn within 30 days hereof individually or through the Office of General Counsel of the House of Representatives ("OGC") and those individuals shall have 20 days after they are served to respond to the Motion to Amend.

7

A separate Order will issue.

July 27, 2010

_____
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE